Manion v. Louisville, St. Louis & Texas R. Co.

CASE 79—PETITION EQUITY—OCTOBER 4.

# Manion v. Louisville, St. Louis & Texas R. Co.

### APPEAL FROM HENDERSON CIRCUIT COURT.

A CORPORATION MAY ABANDON THE PURPOSE OF TAKING PROPERTY WHICH IT HAS HAD CONDEMNED for its use without incurring any liability to pay the damages awarded. The corporation has no interest in the property, and the owner is not divested of his title until there has been a payment on or a tender of the damages assessed. The effect of the condemnation proceedings is simply to fix the price at which the corporation can take the property if it chooses to do so.

JOHN YOUNG BROWN FOR APPELLANT.

A railroad company can not abandon the purpose of taking property which it has had condemned for its use, and thus escape liability for the damages assessed. (2 Vroom, N. J., p. 72; 86 Am. Dec., 199; First Nat. Bank v. West River R. Co., 49 Vt., 167; 27 Vt., 39; 25 Mo., 532; 2 Mo. Ap., 105; 44 Mo., 116; 10 How., 395; 62 Me., 272; 9 Iowa, 438; 12 Mo., 328; 60 N. Y., 319; 28 N. H., 244; 13 Kansas, 514; 56 N. Y., 144; 1 Hill, 545; 11 Wend., 155; 1 Wend., 318; 73 N. Y., 560; 7 John., 542; 18 John., 545; 20 La. Ann., 497; 39 N. J. L., 640; 41 N. J. L., 161; 22 Pick., 263; Mills on Eminent Domain, sec. 312; 51 N. H., 188; 44 Ind., 97; 35 Iowa, 579; 20 Iowa, 523; 45 Me., 419; 15 Neb., 367; 33 N. J. Eq, 584, 622; 78 N. Y., 56; 8 Col., 380; Duncan v. Mayor of Louisville, 8 Bush, 104.)

HELM & BRUCE, YEAMAN & LOCKETT FOR APPELLEE.

The effect of condemnation proceedings is simply to fix the price at which the party condemning can take the property sought, and even after confirmation or judgment the purpose of taking the property may be abandoned without incurring any liability to pay the damages awarded. (Baltimore & Susquehana R. Co. v. Nesbit, 10 How., 395; Garrison v. City of New York, 21 Wall., 201; 1 Rorer on Railroads, p. 331; Lewis on Eminent Domain, sec. 656; Lamb v. Schottler, 54 Cal., 319; Chicago v. Barlian, 80 Ill., 482; City of Bloomington v. Miller, 84 Ill., 621; St. Louis, &c., v. Teters, 68 Ill., 144; Blackshire v. Atkinson, &c., R. Co., 13 Kan., 514; State v. Cincinnati, &c., R. Co., 17 Ohio, 103; State v. Groves, 19 Md., 351; Gear v. Dubuque, &c., R. Co, 20 Iowa, 523; Cave's Ex'r v. Calmes, 3 A. K. Mar., 36; Duncan v. Mayor of Louisville, 8 Bush, 99.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The General Statutes, chapter 18, b, sec. 7, provides: "Upon confirmation of the report of commissioners by the county court, or the assessment of damages by said court as herein provided, and the payment or tender to the owners of the amount due as shown by the report of the commissioners when confirmed, or as shown by the judgment of the county court when the damages are assessed by said court, and all costs adjudged to the owner, the railroad company shall be entitled to take possession of said land or material, and to use and control the same for the purpose for which it was condemned, as fully as if the title had been conveyed to it."

The Louisville, St. Louis and Texas Railway Company sought to condemn the land of the appellants for the use of the corporation, and having applied to the Henderson County Court for the appointment of commissioners to go upon the land to ascertain its value and the damages that would be sustained by the appellants by reason of the taking and use of the property, subsequently abandoned the condemnation proceedings, and refused to pay the damages assessed against it.

The commissioners appointed fixed the value of the property, including the incidental damages sustained, at seven hundred and fifty dollars. The report was filed in the county court, and the appellants summoned to show cause why the report should not be confirmed, and on the hearing in that court both the appellants and the railway company filed exceptions to the report of the commissioners, and a jury was

impaneled, and assessed the entire damages at eight hundred dollars. A judgment was then awarded in favor of the railway company, by which, upon the payment or tender of the money, the title to the land described should vest in it for the uses for which it was condemned, and a commissioner was appointed to execute a deed in pursuance of the judgment after the payment or tender of the money.

The proceedings under the statute are, first, the appointment of commissioners upon the application of the company to assess the damages; then report in writing, fixing the amount or sum to be paid, and describing the land condemned; a summons upon the filing of the report against the owner to show cause why the report should not be confirmed, and if no exceptions are filed by either party the report is confirmed. When exceptions are filed (and they seem to have been filed in this case) a jury is impaneled to try the issues of fact, if any, made by the exceptions. This issue of fact generally arises as to the quantum of damages, and the verdict of the jury is conclusive, subject to the right of an appeal to a higher tribunal. After verdict, if not set aside, the county court is required to enter a judgment in the nature of the finding, and to make an order for the conveyance of the title on the payment of the money. From the judgment either party may appeal within thirty days to the circuit court, where the case is tried *de novo*. All this proceeding was gone through with, and a judgment entered, but no appeal prayed by either party, and after the expiration of thirty days, the time for the appeal, the railway company notified

the appellants that they would abandon the right to enter. This action was then instituted to recover the damages assessed, the appellant alleging, in substance, the proceedings had with reference to the condemnation and the failure of the appellee to notify the appellant of its intention not to enter or use the property until after the time had expired for taking the appeal. A demurrer was sustained to the petition, and this appeal prayed. The question presented in this case is, has the owner of the land condemned a cause of action against the corporation for the damages awarded before its entry on the premises for the use contemplated, or before its acceptance in some manner by which the owner is divested of the title or the enjoyment of his estate?

It is conceded that the owner may become, and is, in fact, made the involuntary vendor of his land under the exercise of this sovereign power, and while there may be no contract between him and the corporation by which it can occupy the land, still there must be some means of enforcing the judgment if a liability exists. The principal inquiry then is, when does the liability of the corporation arise?

We think it plain under the statute that the right of the owner to compensation does not attach until the entry of the corporation on the condemned land, nor does the corporation acquire any right to enter until the damages assessed are actually paid or tendered to the owner. It is true that a corporation might accept the terms of the assessment in such a way, regardless of the statute, as would authorize a recovery of the damages by the owner; but we are

considering now a proceeding under the statute alone, where there has been no payment or tender of the money or entry by the party causing the condemna tion. The statute expressly provides, that when the corporation or railway company pays the damages and all costs, or makes a tender to the owner of the amount, the company shall be entitled to enter and use and control the property for the purpose for which it was condemned. The corporation has no interest in the property until this is done, nor is the owner divested of his title, in whole or in part, until this provision of the statute has been complied with. As said in Lamb v. Schottler, 54 Cal., 327, "in a legal sense the land has not been taken until the act transpires which divests the title or subjects the land to the servitude." When compensation is made un- der the statute of this State the title vests, and not before, and the owner of the land holds it up to that time as if no condemnation had taken place. In such proceedings the rights of each party are de- termined in most of the States by statutory regula- tions, and in England the company is bound to take the land it selects. So in many of the States of this country the confirmation of the report fixing the damages gives to the owner a right to sue for the compensation; and in fact it has been held in one or more cases in the absence of an express statute that after judgment or a confirmation of the assessment the corporation may be compelled to pay. (*In re* Water Commissioners of Jersey City, 31 N. J. Law, 72.)

This court held, in the case of Cave's Ex'r v. Calmes,

3 A. K. Marsh., 36, that an action could not be maintained on a judgment of the county court assessing the damages that would result to the land of Calmes by the erection of a mill-dam by Cave; that such a judgment created no contract relation between the parties, and Cave having proceeded to erect the dam without paying the money, was liable only in an action *ex delicto* for the injury done, and not *ex contractu.* The case referred to by counsel in 8 Bush, 98, of Duncan v. Mayor of Louisville, in which the city was compelled to take the property condemned, was under a statute regulating the manner in which the city could avoid liability, and that was by dismissing the petition before final judgment, and the city failing to do so, this court held it was an election to take the property. In Garrison v. The City of New York, 21 Wall., 96, where damages had been allowed by the commissioners and their report confirmed, the Legislature authorized an appeal from the order when no such right existed at the date of the confirmation, and further gave power to the Supreme Court in chambers to vacate the order of confirmation, and appoint other commissioners. This was acted upon by the court and other commissioners appointed to award damages. It was held on the appeal of the property-owner that no contract existed by reason of the confirmation of the original commissioners' report as to the damages, and further "until the property is actually taken and compensation is made or provided for the power of the State over the matter is not ended."

In this State compensation must be actually paid

or tendered before any right passes to the railway company, and hence there is no reason for requiring it to pay for property with the title and possession in the owner, as it existed before condemnation. It is liable for all the costs of the proceeding, but no more. Nor does such a doctrine work any hardship on the owner of the land. He complains not only of the damage to be measured by the actual value of his land, but says there are incidental damages, such as affect the value of the balance of the tract, and this is allowed also. Now, when the company concludes not to enter and inflict this injury, the owner ought not to insist upon its doing so.

"The weight of authority undoubtedly is, that in the absence of statutory provisions the effect of provisions for condemnation is simply to fix the price at which the party condemning can take the property, and that even after confirmation or judgment the purpose of taking the property may be abandoned without incurring any liability to pay the damages awarded." (Lewis on Eminent Domain, section 656.)

Such is the correct rule on the subject, and to adjudge otherwise would require the applicant, whether a private corporation or a State or municipality, to submit to the imposition of exorbitant values upon property condemned for public use, and to often take possession or purchase that which would be detrimental instead of beneficial to the public interests. Whether the power is exercised by the government or by a corporation to whom that power is delegated, the same rule should apply. The right is given for the reason that the public good demands the use of

the property, and the rule applicable to the State should also apply to the corporation.

The judgment sustaining the demurrer and dismissing the petition is, therefore, affirmed.

(Gear v. Dubuque Railroad Co., 20 Iowa, 523; St. Louis, &c., R. Co. v. Teters, 68 Ill , 144 ; State v. Cincinnati, &c., R. Co., 17 Ohio St , 103.)