# DISTRICT OF COLUMBIA *v.* HESS.

EMINENT DOMAIN; CONDEMNATION OF LAND.

1. A proceeding to condemn property for public use is not in the nature of a contract between the owner and the condemning party, and until the property is actually taken and compensation made or provided for, the power of the condemning party over the matter is not exhausted. (Following *District of Columbia* v. *Prospect· Hill Cemetery,* 5 App· D. C. 497; and *Ross* v. *United States,* 8 App. D. C. 32.)

2. In the absence of any statutory provision showing a legislative intent to the contrary, condemnation proceedings may be discontinued by the condemning party at any time before the right of the property owner has become complete.

3. The District of Columbia has the right to dismiss proceedings instituted by it to condemn land for street extension purposes under the act of Congress of Feb. 27, 1907 (34 Stat. at L. 1001, chap. 2076), after an award by the jury of damages in favor of the property owner, but which fails to assess against the property the total amount of the damages found as benefits, as required by the act, and after the expiration of the time within which objection may be taken to the verdict.

No. 2078. Submitted February 14, 1910. Decided April 5, 1910.

HEARING on an appeal by the petitioner, the District of Columbia, in condemnation proceedings, from an order of the Supreme Court of the District, vacating an order by the petitioner dismissing the proceedings after verdict and before confirmation thereof, and overruling a motion by the petitioner to dismiss the proceeding, and finally ratifying and confirming the verdict.      *Reversed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment of the supreme court of the District of Columbia, vacating an order of dismissal filed by the

District after verdict and before confirmation thereof in condemnation proceedings, overruling the motion of the District to dismiss said proceedings, and confirming said verdict.

By the act of February 27th, 1907 (34 Stat. at L. 1001, chap. 2076), the commissioners of the District were authorized and directed to institute proceedings to condemn land necessary for the extension of T street from 35th street to Wisconsin avenue, and from Wisconsin avenue to the east side of proposed Rock Creek drive, said proceedings to be in accordance with the provisions of sec. 491a to 491n, both inclusive, of an act amending the Code (34 Stat. at L. 151, chap. 2070). It was further provided "that the total amount found to be due and awarded as damages, plus the cost and expenses of the proceeding, shall be assessed by the jury as benefits."

On April 27th, 1907, pursuant to the authority thus conferred, the commissioners instituted condemnation proceedings. A jury was regularly summoned, and in due course, on November 27th, 1908, returned a verdict awarding $31,287.06 damages for the land taken, and assessing as benefits against the land within the assessment zone the sum of $26,806.14. No objections or exceptions were filed to this verdict, and on January 5th, 1909, the District filed an order dismissing said proceeding. Thereafter, on January 9th, 1909, Thomas P. Hess, who had been awarded $2,125 damages, and who had been assessed nothing on account of benefits, filed a motion to vacate and quash said order of January 5th, dismissing said proceeding which motion the court granted over the objection and exception of the District. Thereupon, on February 8th, the District formally moved the dismissal of said proceedings, upon the grounds "that the entire amount of the damages awarded herein, plus the cost and expenses of the proceeding, have not been assessed as benefits, as provided for in and by the act of Congress under which this proceeding has been instituted," and "that, as no objections or exceptions have been taken to the verdict of the jury herein filed, within the time prescribed by the statute, the court is without jurisdiction to order a new jury herein, and that therefore further proceedings under the afore-

said act of Congress and of the Code are impossible." This motion was overruled and a final order was passed, ratifying and confirming the verdict of the jury as a whole. This appeal followed.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. James Francis Smith,* Assistant, for the appellant.

*Mr. George C. Gertman* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

A proceeding to condemn property for public use is not in the nature of a contract between the owner and the condemning party, and until the property is actually taken and compensation is made or provided, the power of the condemning party over the matter is not exhausted. *Garrison* v. *New York,* 21 Wall. 196, 22 L. ed. 612; *District of Columbia* v. *Prospect Hill Cemetery,* 5 App. D. C. 497; *Ross* v. *United States,* 8 App. D. C. 32. Accordingly it is a rule of almost universal application that, in the absence of any statutory provision showing a legislative intent to the contrary, condemnation proceedings may be discontinued by the condemning party at any time before the right of the property owner has become complete. *Manion* v. *Louisville, St. L. & T. R. Co.* 90 Ky. 491, 14 S. W. 532; *Simpson* v. *Kansas City,* 111 Mo. 237, 20 S. W. 38; *O'Neill* v. *Hudson County,* 41 N. J. L. 161; Nichols, Power of Em. Dom. Secs. 337, 338.

In the present case the District, for reasons satisfactory to itself, failed to take advantage of sec. 491*h* of said act, amending the Code, which authorized the court, within twenty-one days after verdict, to hear and determine objections or exceptions thereto, and to set the same aside, in whole or in part, when satisfied that it is unjust or unreasonable, in which event a new jury is summoned. When, therefore, the order of dismissal was filed, the proceedings had resulted in a verdict which failed to satisfy the requirements of the law. In such a situa-

tion, the District was, we think, fully justified in filing its notice of abandonment.

Judgment reversed, with costs, and cause remanded for further proceedings.                                        *Reversed.*