STATE OF MISSOURI EX REL. STATE HIGHWAY COMMISSION OF MISSOURI, APPELLANT, v. W. O. SHULTZ, ET AL.; RESPONDENTS.—243 SW (2) 808.

Springfield Court of Appeals.   November 13, 1951.

*Wilkie Cunningham, Wallace Wilson, Jr.,* for Appellant.

*Sater & Monroe* for Respondents.

McDOWELL, J.—This is an appeal from a judgment of the Circuit Court of Lawrence County, Missouri, sustaining a motion to dismiss plaintiff's petition in condemnation.

Relator, State Highway Commission of Missouri, filed an action in condemnation to acquire right-of-way involving seven tracts of land in connection with the widening and reconstructing of an old county road for a distance of 3.134 miles in Lawrence County, which road is fully described in the petition. The petition contained the usual allegations, among them that plaintiff had agreed with the Lawrence County Highway Commission "the local officials having charge of or jurisdiction over the highway * * *" on the location of the road.

On the date set by the trial court for the appointing of commissioners, defendants filed their motion to dismiss the petition, listing five grounds thereof:

1. That the trial court had no jurisdiction.

2. The petition failed to state facts necessary for jurisdiction.

3. The County Highway Commission of Lawrence County had no jurisdiction over the road proposed in the petition.

4. The petition fails to state a claim on which relief could be granted in that there is already an all-weather road, adequate for the community purposes involved; that the road terminates at a blind end at the top of a hill; that the proposed widening of said road is not of public use as required by the Constitution; that plaintiff is arbitrarily attempting to take said land which is not necessary and will not be used for public purposes.

5. That the special road district of said territory has jurisdiction of the road and the improvements thereon.

After hearing testimony on the motion to dismiss, the trial court entered the following judgment:

"* * * It is therefore ordered and decreed by the court, that the motion to dismiss be and the same is sustained and the petition filed herein is dismissed."

We first are met with a motion to affirm the judgment because appellant failed to file a motion for new trial and secondly, that the transcript discloses testimony was introduced and therefore the trial court should have been given opportunity to review his error by motion for new trial.

We cannot agree with respondents' motion to affirm.

Section 510.150 R. S. Mo. 1949, provides:

"* * * A dismissal with prejudice operates as an adjudication upon the merits. * * * and any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify."

The motion to dismiss relied upon the ground that the petition failed to state a claim and we think when the court, by a general judgment, sustained this motion, it was a final judgment from which an appeal would lie under this statute. Merit Specialties Co. v. Gilbert Brass Foundry Co., (Mo. Sup.) 241 S. W. 2d 718; White v. Sievers, 359 Mo. 145, 221 S. W. 2d 118; Jones v. Williams, 357 Mo. 531, 209 S. W. 2d 907; Husser v. Markham (Mo. App.) 210 S. W. 2d 405.

It seems there is but one material question presented in this appeal and that is the question of whether or not the Lawrence County Highway Commission had charge of or jurisdiction over the highway so as to agree with the State Highway Commission on the location of the road to be improved.

The facts necessary for a solution of the question in issue are not in dispute. The proposed improvement extended over an existing public road from U. S. Highway south 3.134 miles to the top of a hill overlooking Spring River; that the highway, over which said improvements were to be made, was a part of an existing road located in a special road district which, for many years, had maintained it.

Defendants offered testimony on their motion to dismiss that the road at present was an all-weather road, sufficient to accommodate the travel thereon and they state in their brief that this road does not connect the most practical route with the several centers of population in the county. The special road district had not deeded or transferred the road to the Lawrence County Highway Commission.

There was no question but what the road sought to be condemned had been incorporated in the supplementary system of state highways as alleged in the petition. The facts are not disputed that plaintiff had agreed with the Lawrence County Highway Commission on the location of the road. It is admitted that the State Highway Commission had approved a request of the Lawrence County Highway Commission to put the road into the county 100 mile system. It is also admitted that the action of the County Highway Commission, in putting the road in question in the 100 miles system and also in agreeing with the State Highway Commission on its designation and selection as a state supplementary road, was never challenged in any proceedings excepting by the motion to dismiss in this action.

Motions to dismiss took place of the old demurrer which has been abolished. However, there is an important change under the new code. The lack of jurisdiction over the subject matter or over the person; or improper venue or insufficiency of process or the service thereof or that plaintiff has not the legal capacity to sue or that there is another action pending between the same parties for the same cause in this state; that several claims have been improperly united or that the counter-claim or cross-claim is one which cannot be properly interposed in the action have all been made grounds for a motion to dismiss. The grounds for any of the above stated objections may be supplied by an affidavit accompanying the motion and may be controverted by affidavit: The old demurrer reached only those matters appearing on the face of the pleadings. However, now, it is proper to raise the question of jurisdiction by motion to dismiss and to permit the movant to furnish additional facts.

This motion did raise the question that the petition did not state a claim upon which relief could be granted. The new code retains the rule that objections must appear on the face of the pleadings when the petition is attacked for failure to state a claim and can be raised only when appearing on the face of the pleadings. Carr Mo. Civil Procedure, Vol. II, p. 558, Secs. 9 and 10.

An examination of the petition in this case reveals that it is in the usual form and the allegations thereof are sufficient to state a cause of action in condemnation. It would appear from respondents' brief and argument that they do not contest this point.

The only question for this court to decide is the question of jurisdiction over the subject matter in the action.

Article IV, Sec. 32 of the Constitution of Missouri 1945, provides:

"Supplementary state highways shall be selected by mutual agreement of the commission and the local officials having charge of or jurisdiction over roads in the territory through which such supplementary state highways are to be constructed."

Under point II of appellant's brief and argument, the real question in this appeal is presented. Appellant states, "Defendants in their motion to dismiss raised the contention that the Lawrence County Highway Commission had no jurisdiction over the road involved in this condemnation because it was located in a special road district." Respondents raise this same question under Point I of their brief.

The facts are not in dispute. The road in question was located in a special road district; the State Highway Commission had approved a request of the Lawrence County Highway Commission to put the road into the county 100 mile system; by agreement between the State Highway Commission and the Lawrence County Highway Commission this road was taken into the State Supplementary System, selected, designated and located by said agreement. The action of the county Highway Commission in putting the road in question in the 100 mile system, and in agreeing with the State Highway Commission on its designation and selection as a state supplementary road was never challenged until the attack made in respondents' motion to dismiss.

Under Chapter 230 R. S. Mo. 1949, "County Highway Commissions" Section 230.030 is as follows:

"It shall be the duty of the county highway commission and said commission shall have the power to locate, lay out, designate, construct and maintain, subject to approval of the state highway commission, a system of county highways not exceeding in the aggregate at any given time one hundred miles in any county, by connecting by the most practical route the several centers of population in the county, in such manner as to afford a connection with such of said centers of population as are not now located on any state highway with such state highway, and so as to afford, as nearly as may be done, a connection with county highways connecting the centers of population of adjoining counties, to the end that all parts of the county shall be connected with the state highway system as now laid out and designated, and that the inhabitants of the county generally shall have and enjoy a system of highly improved farm-to-market roads. If any part of this county one hundred mile highway system has been, or shall hereafter be taken over by the state highway commission and become a state highway, then an equal amount of new mileage, to take the place thereof, may be placed in the county one hundred mile system."

Under the express terms of this statute the county highway commission was given exclusive authority to designate and lay out, subject to the approval of the state highway commission, a system of county highways not exceeding 100 miles to the end that all parts of the county should be connected by a state highway system known as farm-

to-market roads. · This undoubtedly gave to the county· highway commission the right to include the road in question in the farm-to-market road system because said road was not at the time located upon any state highway.

There is no contention here that there was any fraud connected with the action of the county highway commission in designating this road· as a part of the 100 mile farm-to-market system or that there was any abuse of discretion.

Section 230.040, R. S. Mo. 1949, provides:

"Before construction of any county highway located, laid out, and designated as in this chapter authorized and provided, * * * * it shall be the duty of county highway commission to submit such location to the state highway commission for its approval, * * *"

Section 230.060, R. S. Mo. 1949, of this chapter provides:

"Whenever any county highway laid out and designated under the provisions of this chapter shall be over and along the route of any existing highway, it shall be the duty of the county court, or other board or commission, having jurisdiction over such highway, to convey the same to the county highway commission, who shall thereafter have control and supervision thereover, and whenever any such county highway shall be laid out and designated through any special road district, or in counties under township organization, it shall be the duty of the commissioner of such special road district, or of the treasurer of such township, to pay over to the county highway commission, such proportion of the total road revenue arising therein as the mileage of said county highway within said special road district, or township, shall bear to the total number of road mileage therein."

Under the last two sections of the statute above set out it was the duty of the commissioners of the special road district who, at the time, admittedly had jurisdiction over the highway sought to be condemned, to convey that jurisdiction to the county highway commission who, thereafter, had control and supervision over the highway sought to be condemned and it was the duty of the commissioners of the special road district thereafter to pay over to the county highway commission such portion of the revenue arising therein as the mileage of said county highway within said special road district bears to the total mileage in said special road district.

Under section 230.040, R. S. Mo. 1949, the county highway commission had submitted the location of that part of the highway to be improved, described in plaintiff's petition, to the state highway commission for its approval and the state highway commission had approved the same as provided by the statute.

We find that the road in question was a part of the county 100 mile system and that, by agreement between the State Highway Commission and the Lawrence County Highway Commission, the road was taken

into the state supplementary system, selected, designated and located by said agreement.

Section 230.070, R. S. Mo. 1949 is as follows:

"The county highway commission shall have absolute jurisdiction and control over all highways constituting a part of the county highway system, and shall hold title in fee to the right of way thereof, and no other officer, board or commission, except as in this chapter specifically provided, shall have or exercise any authority or jurisdiction over any of such highways. The roads constituting the county highway system shall be known and designated as 'county highways'."

Under point I of appellant's brief, it complains of the action of the trial court in admitting evidence relative to the necessity, nature or extent of taking of the property in question for road purposes. Appellant contends that the only matter the court can determine, when the issue is raised, is whether the use is a public one as distinguished from a private use.

This question was ably decided in State ex rel. State Highway Commission v. Curtis, 359 Mo. 402, 222 S. W. 2d 64, 68. Judge Clark, speaking for the court, stated the law thus:

"In condemnation cases, whether or not land is being taken for a public use is a judicial question regardless of any legislative declaration that the use is public. Mo. Const. art. 1, sec. 28. Such question may sometimes be determined from the pleadings. State ex rel. Cape Girardeau v. Engelmann, 106 Mo. 628, 17 S. W. 759. But the public necessity or propriety for the exercise of eminent domain is a legislative or political question and is not the same as 'public use.' City of Kirkwood v. Venable, 351 Mo. 460, 173 S. W. 2d 8; State ex rel. Lane v. Pankey et al., Mo. Sup. 1949, 221 S. W. 2d 195. The power to locate a state highway, to determine its width, type of construction and the extent of land necessary for economical and proper construction are vested in the sound discretion of the State Highway Commission, uncontrolled by the courts except to compel strict compliance with the statutes and to prevent the taking of private property for a private or non-public use. The Commission must comply with the statutes which it did in this case by filing its petition and plans showing its decision to appropriate certain described land for certain purposes, to-wit, for the construction of an extension to an existing state highway. That is an allegation that all the land is being taken for a public use and, while the allegation does not prove itself, Kansas City v. Hyde, 196 Mo. 498, 96 S. W. 201, 7 L.R.A., N.S., 639, 113 Am. St. Rep. 766; City of Kirkwood v. Venable, 351 Mo. 460, 173 S. W. 2d 8, it certainly does not authorize the respondent judge to hold, without evidence, that an indefinite and undescribed portion of the land is being taken for a non-public use."

Under the facts in this case the power to locate a state highway, to determine its width and the type of construction, that is the repairing

of an existing public road was not a judicial question and the permission by the trial court of testimony to the effect that there was already an existing road sufficient to carry the traffic, should not have been admitted. The advisability of repairing this public road was a political question to be determined by the commission and, as was held in the above cited case, the commission has large discretion in determining the extent and kind of a road to be built or the repairs necessary to construct the road, and it may determine what is reasonably necessary for the purposes stated in the petition.

Of course the trial court could have inquired into the question of public use, whether the real purpose was the improvement of the road in question or just a sham, or whether there was any fraud in connection therewith, had such issues been raised, but there were no such issues in this case.

It is definitely the law that the power to locate a state highway, determine its width, and type of construction, and the lands necessary for such purpose is vested in the sound discretion of the state highway commission, uncontrolled by the courts except to compel strict compliance with the statutes and to prevent the taking of private property for a private or non-public use. Simpson v. Kansas City, 111 Mo. 237, 20 S. W. 38; State ex rel. State Highway Commission v. Day, 327 Mo. 122, 35 S. W. 2d 37; City of Kirkwood v. Venable, 351 Mo. 460, 173 S. W. 2d 8.

We agree with appellant's contention under point III that the action of a public board or body acting within the scope of its authority is not subject to collateral attacks in the courts. However, that is not the issue. It is respondents' contention that the road in question which was sought to be improved was exclusively in a special road district and under the control of commissioners of said district and that the agreement between the Lawrence County Highway Commission and the appellant in this case was void because the Lawrence County Highway Commission had no jurisdiction over said road at the time of agreement.

We cannot agree with respondents under their contention herein. We hold the Lawrence County Highway Commission did have exclusive control over the highway in question because it had been made a part of the 100 mile system of farm-to-market roads and, by agreement between the Commission and the State Highway Commission, had been made a part of the state supplementary system, selected, designated and located by agreement.

Respondents also contend in their argument that the statutes have not been complied with relative to the number of miles in the 100 mile system. The facts in the case do not justify respondents' contention. The evidence is insufficient to show that the statute was not complied with in establishing the 100 mile farm-to-market road system.

Judgment reversed and remanded. *Vandeventer, P. J.,* and *Blair, J.,* concur.