CASE 4—IN EQUITY—JUNE 2.

# William Cornwall, Jr., Etc. v. L. & N. R. R. Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

CONDEMNATION  PROCEEDINGS—RIGHT  TO  DISMISS—ELECTION.—
Plaintiffs instituted this action to enjoin defendant from prose-
cuting proceedings to condemn their land upon the ground of a
former contract between the parties by which defendant had
agreed, upon consideration of a dedication to it of one tract of
land, to release its right to condemn the land now sought. The
court, in obedience to the mandate of this court on a former
appeal (87 Ky., 72), having imposed upon defendant the condi-
tion of paying for the dedicated land its reasonable value as a
condition precedent to the prosecution of its condemnation
proceedings, it, after electing to comply with the condition,
dismissed absolutely its condemnation proceedings. Held,
first, that the defendant had a right to dismiss its condemna-
tion proceedings; and, secondly, that such dismissal operated
to remove the equities of plaintiffs' petition and that the same
was properly dismissed.

B. F. BUCKNER FOR APPELLANTS.

1. After filing a mandate of this court on a former appeal, no new
defense was admissible and it was the duty of the lower court
to render such a judgment as should have been rendered orig-
inally, or to proceed to a literal and strict obedience of the in-
structions contained in the opinion. Kennedy v. Meredith, 4
T. B. M., 411; Jameson v. Mosely, 4 T. B. M., 414; Watson v.
Avery, 3 Bush, 635; McLean v. Nixon, 18 B. M., 768; Scott v.
Scott, 9 Bush, 174.

2. The election by the defendant railroad company was made under such circumstances as to render it final and conclusive, and it could not subsequently renounce the election and dismiss the condemnation proceedings. Cannon v. Apperson, 14 Lea, 553; Whitley v. Whitley, 31 Beav. 173; Bulkley v. Morgan, 46 Conn., 394; Brinley v. Tibbets, 7 Greenl., 70; Bailey v. Hurley, 135 Mass., 172; Moller v. Tuska, 87 N. Y., 106; Rhodomon v. Clark, 46 N. Y., 354; Morris v. Rexford, 18 N. Y., 552; Butler v. Hildreth, 5 Met., 49; Iddle v. Sheldon, 10 Blatchf., 178; Floyd v. Brown, 1 Rawle, 121; Brewer v. Sparrow, 1 M. & R., 2; Nield v. Burton, 49 Mich., 53; Dewar v. Maitland, L. R., 2 Eq., 834; Cox v. Rogers, 77 Penn. St., 160; Waterbury v. Netherland, 6 Heisk, 512; George v. Bussing, 15 B. M., 448; Bishop on Contracts, sec. 808; Duncan v. the Mayor of Louisville, 8 Bush, 104.

3. The tender by the railroad company to the Cornwalls, after the County Court judgment, fixed the right of the corporation from which it could not thereafter recede. Beekman v. Saratoga R. R. Co., 3 Paige, Ch., 45; State ex rel. McClelland v. Graves, 19 Md., 370; 62 Md., 371; Drath v. Burlington R. R. Co., 15 Neb., 371; Baltimore, etc., v. Nesbitt, et al., 10 How., 395.

4. If a corporation exercising the right of eminent domain elects to take the property of an individual and actually occupies it the law implies a promise to pay the amount of the damages assessed. Blanchard v. The Maysville Turnpike Co., 1 Dana, 90.

HELM & BRUCE FOR APPELLEE.

1. The railroad company had the right to dismiss the condemnation proceedings even after there had been a finding by the jury and the time had elapsed for taking an appeal. Manion v. L. St. L. & T. Ry. Co., 90 Ky., 491.

2. It is the entry upon the land by the railroad company and not the tender of the damages fixed by the jury which binds it finally to take the land condemned.

3. The railroad was not bound by the election made in this case, because it was made under compulsion and at a time when, under the facts and circumstances, no intelligent election could be made.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In November, 1886, the appellee commenced proceedings in the Jefferson County Court to condemn for railway pur-

William Cornwall, Jr., etc., v. L. & N. R. R. Co.

poses a strip of land off the north end of a lot belonging to the appellants.   In January thereafter, the Cornwalls brought an equitable action in the Circuit Court to enjoin the condemnation proceedings, on the ground that by contract, in 1872, with the city of Louisville, certain land, now occupied by appellee, was donated by appellants to the city for railway purposes, in consideration of which no other land of theirs was to be taken for such purpose. Upon trial of the issues joined in this case, the chancellor dismissed the petition, but on appeal to this court the judgment was reversed. Cornwall v. L. & N. R. R. Co., 87 Ky. 72 [7 S. W. 553], decided March 6, 1888, the court holding, in substance, that such a contract had been established, and that, while it could not be specifically enforced by denying the railroad company the right to condemn such additional property as was necessary for its use, yet, when the owner has ceded property on condition that no other was to be taken, the company would not be allowed to condemn the additional land without making compensation for that originally ceded; and the court directed the chancellor "to require appellee, as a condition of further prosecuting the proceeding in the County Court, and appropriating to its use the land in contest, to first pay to appellants the value of that ceded in 1872; and, in case the parties do not agree upon the amount, an issue out of chancery in regard thereto must be had."   In the meanwhile, and before the delivery of the opinion of this court, there had been an assessment of damages by a jury in the County Court proceeding, and a judgment thereon; and the amount so found, it may be proper to state here, had been duly tendered by the company to the Cornwalls, and by them refused, the latter prosecuting an appeal from the County Court judgment to the Jefferson Court of Com-

mon Pleas. When the equity case returned from this court, both parties tendered an order supposed by them to be in conformity to the mandate of this court; and at the same time the company offered to file an amended answer, counterclaim, and cross petition, in which it set up, among other things, that certain other persons claimed to own portions of the lands claimed to have been ceded to it by the Cornwalls; and it asked that these parties be brought before the court, to the end that the exact quantity and location of the lands so ceded might be ascertained; and it asked, when this had been ascertained, that an issue out of chancery be ordered triable by a jury to fix the amount to which the Cornwalls might be entitled. This pleading was not allowed to be filed, but it was identified and made part of the record; and we refer to it to show merely that, upon the return of the case, the company was still desirous of continuing the prosecution of its condemnation proceedings and obtaining the new lands, although, in order to do so, it must first pay the value of the old lands, as well as pay for the new. The chancellor entered the order tendered by the appellants as more nearly conforming to the mandate of this court, but inserted in it that the company was required to elect within two weeks whether it would abandon said condemnation proceedings, or whether it would pay the Cornwalls the value of the land ceded in 1872. The company then elected of record to pay the value of the land ceded in 1872, and moved the court for a jury trial as to its value. The case was passed from time to time until, on motion of the company, in February, 1892, the Cornwalls were required to set out specifically the exact quantity of land embraced in the cession of 1872. In February, 1893, the Cornwalls responded to this requirement, and filed the description in-

dicated. It next appears that in July, 1893, the company had an order entered in the condemnation proceedings, still pending the Circuit Court (Common Pleas Division), withdrawing its application for the condemnation of the lands sought to be condemned, and dismissing its action in that court. It then set up, in the equitable action, the abandonment of those proceedings, and procured an order to the effect that, as the issue out of chancery had been ordered to ascertain the value of the land ceded in 1872 only because it was necessary to so ascertain before the new land could be condemned and taken, there was no longer any necessity for a trial of such issue by reason of the abandonment of the condemnation proceedings, and the chancellor declined to proceed further or direct a trial of such issue. From this ruling of the court recited by it to be final, the Cornwalls have appealed.

The terms of the mandate of this court, the election on the record to continue the prosecution of the condemnation proceedings, and the tender of the amount found as damages for the new land, are the chief features which, under the contention of appellants, preclude the appellee from abandoning its prosecution of the issue out of chancery, and should have impelled the trial court to order a trial of that issue in spite of the order dismissing the condemnation proceedings. It seems to us, however, that to elect in the equity suit to pay the value of the land ceded in 1872, rather than to dismiss the proceedings for condemnation, is simply another way of electing to continue to prosecute the County Court condemnation proceedings, and is no more than a reaffirmation of the company's original intention to condemn the new land on the conditions prescribed by this court. It is as if, knowing

[3]

the conditions at the start of the proceeding in the County Court, the company had determined, nevertheless, to condemn the new land, and conform to the conditions, and pay the value of the old land. The company, with knowledge that, to get the new land, it would have to pay not only its own value, but the value of another strip, nevertheless elected to continue its suit to get the new on the prescribed condition. Its tender of the price fixed for the new land gave it no right of entry thereon, and conferred on it no rights whatever in the new premises; nor did such tender affect the Cornwalls in any way. The tender was as if made of only one-half the price to be paid for the new land. There was no attempt to tender the value of the old land. This had never been ascertained, and, until there was a tender of the price of the old and new land, it was as if no tender had been made at all. No rights were secured to the company thereby, nor was any right parted with by the Cornwalls, and especially as they refused to accept the tender. This court did not mean to say that without regard to whatever value the jury might fix on the land ceded in 1872, the company must take it. It may be that the company might have tested the question of value by a jury trial, and still even after such trial have abandoned the prospect. Certainly, at any time before trial, it might abandon the proceedings to condemn. The effect of the opinion here was to require the company to condemn by appropriate proceedings the old land ceded in 1872. The company said it would proceed to do so rather than then dismiss its action. But, before any trial, it decided to abandon the entire project. If the averments of the amended pleadings of the company were true that other parties were interested in the lands ceded in 1872, whom it sought without success to make parties, there

might have been good reason for not desiring to pay the Cornwalls for it; but, whether there was good and sufficient reason or not, we think the company might at least abandon the condemnation proceedings before any trial, and even after such trial, under the principle decided in the Manion case. Manion v. L., St. L. & T. R. R. Co., 90 Ky. 491 [14 S. W. 532]. It was held that the corporation "might abandon the purpose of taking property which it had condemned for its own use without incurring any liability to pay the damages awarded. The corporation has no interest in the property, and the owner is not divested of his title until there has been a payment on or tender of the damages assessed, and that the effect of the condemnation proceedings is simply to fix the price at which the corporation can take the property if it chooses to do so." In this case the Cornwalls have succeeded in doing precisely what they started out to do; that is, defeat the condemnation of additional lands belonging to them. They have nothing to complain of. Judgment affirmed.