## ISLEY *v.* CITY OF ATTICA.

[No. 8,748. Filed October 29, 1915.]

1. MUNICIPAL CORPORATIONS.—*Opening Streets.—Appeal on Question of Damages.—Jurisdiction.—Dismissal.*—Where a person aggrieved by the action of a city in ordering the opening of a street through his premises, appealed to the circuit court on the question of damages, by filing an original complaint pursuant to §§8704, 8705 Burns 1914, Acts 1905 p. 219, §§101, 102, the court obtained no jurisdiction of the proceedings except on the question of benefits and damages, and therefore had no jurisdiction to dismiss the proceedings instituted before the common council. p. 696.

2. MUNICIPAL CORPORATIONS.—*Opening Streets.—Discontinuance of Proceedings.—Statutes.*—There is nothing in the provisions of §8700 *et seq.* Burns 1914, Acts 1905 p. 219, for the opening, changing or vacating of streets, to preclude the application of the general rule that a municipal corporation, that is proceeding to take private property for street or other public purposes, may discontinue the proceedings or abandon the appropriation at any time before the award of benefits and damages is finally ascertained and confirmed by the proper municipal authority, or before final adjudication where an appeal to the circuit court has been taken. p. 697.

3. MUNICIPAL CORPORATIONS.—*Opening Streets.—Appeal on Question of Damages.—Dismissal.*—An appeal on the question of benefits and damages arising from the opening of a street, taken pursuant to §§8704, 8705 Burns 1914, Acts 1905 p. 219, §§101, 102, is a special statutory proceeding, and the rule of the civil code relative to dismissals (§338 Burns 1914, §333 R. S. 1881) does not apply. p. 698.

4. MUNICIPAL CORPORATIONS.—*Opening Streets.—Appeal on Question of Damages.—Dismissal.*—There was no error in the dismissal

by the circuit court of an appeal on the question of benefits and damages from the opening of a street, taken pursuant to §§8704, 8705 Burns 1914, Acts 1905 p. 219, §§101, 102, where the city's motion for dismissal disclosed that possession of the land had not been taken, and contained an offer to pay costs, since such action on the part of the city amounted to an abandonment of the proceedings. p. 699.

From Fountain Circuit Court; *I. E. Schoonover,* Judge.

Action by Jacob P. Isley against the City of Attica for review of the question of benefits and damages in a proceeding to open a street. From a judgment of dismissal, the plaintiff appeals. *Affirmed.*

*Fred S. Purnell* and *Lucas Nebeker,* for appellant.

*Charles R. Milford,* for appellee.

Felt, J.—The city council of the city of Attica, Indiana, in pursuance of the act of 1905 (§8700 *et seq.* Burns 1914, Acts 1905 p. 219 and §8959 Burns 1908 as amended by Acts 1909 p. 412, §6), ordered the opening of Brady Street in said city through a tract of real estate owned by appellant and, over his remonstrance, adjudged the benefits to his real estate equal to the damages sustained by him by the condemnation of his land.

Appellant makes no complaint as to the regularity of the proceedings but, being aggrieved by the decision of the council on the amount of damages, appealed to the Fountain Circuit Court by filing an original complaint under the provisions of §§8704, 8705 Burns 1914, Acts 1905 p. 219, §§101, 102. On trial of the case, the question of the amount of damages was submitted to a jury and on December 21, 1912, a verdict was returned in his favor for $1,000 damages in excess of his benefits.

On December 30, 1912, at the same term of court the city of Attica moved the court to dismiss "the entire condemnation proceeding * * * commenced by the common council, and as appealed as to the question of damages." Appellant filed a motion in writing for judgment on the

verdict. The court sustained the motion to dismiss and overruled appellant's motion for judgment on the verdict, to each of which rulings appellant duly excepted. The court rendered judgment in substance that the proceedings described in appellant's complaint be dismissed at the cost of the city and that such proceedings be set aside and held for naught and that the appellant recover of and from the city his costs. The errors assigned question the correctness of the court's ruling on each of said motions.

Section 8704, *supra,* provides that any remonstrator who is aggrieved by the decision of the board or council may within twenty days take an appeal to the circuit or superior court, but provides that "Such appeal shall affect only the assessment or award of the person appealing". The next section provides the manner of taking the appeal and that the "court shall rehear the matter of such assessment *de novo* and confirm, lower or increase the same as may seem just. In case such court shall reduce the amount of the benefit assessed against the land of such property holders, or increase the amount of damages awarded in his favor, the plaintiff in such suit shall recover costs, otherwise not. The judgment of such court shall be final, and no appeal shall lie therefrom." The statute authorizes no appeal from the action of the board or council in such proceedings except on the question of damages or benefits, and expressly provides that on such questions the judgment of the circuit or superior court to which the appeal is taken "shall be final, and no appeal shall lie therefrom". While the wording of the motion to dismiss and the language of the judgment may indicate an attempt to dismiss the proceedings *ab initio,* the effect of the ruling was to dismiss the complaint by which under the statute the appeal was taken. The circuit court obtained no jurisdiction of the proceedings except on the question of benefits and damages and therefore had no jurisdiction to dismiss the proceedings instituted before the common council. The proceedings to

condemn and appropriate the land for street purposes remained in the city council and the appeal in no way affected the same except on the questions of benefits and damages.

Treating the ruling as a dismissal of the appeal to the circuit court after verdict and before judgment, the assignment presents the question of the appellee's right to

2. such dismissal. In the absence of a controlling statute, the general rule is that, where a municipal corporation is proceeding to take private property for street, or other public purposes, it may discontinue the proceeding or abandon the appropriation at any time before the award of benefits and damages is finally ascertained and confirmed by the municipal board or council which has jurisdiction of the proceeding, or before final adjudication, where an appeal to a court is authorized and duly taken, subject to the payment of accrued costs and to a right of action in favor of any property owner for special damages that may have proximately resulted to his property by reason of such proceedings. 3 Dillon, Mun. Corp. (5th ed.) §§1044, 1045; 1 Elliott, Roads and Sts. §§306, 307, 308; *Brokaw. v. City of Terre Haute* (1894), 97 Ind. 451, 453; *Sowers v. Cincinnati, etc., R. Co.* (1904), 162 Ind. 676, 681, 71 N. E. 134; *Louisville, etc., R. Co.* v. *Ryan* (1886), 64 Miss. 399, 409, 8 South. 173; *Simpson* v. *Kansas City* (1892), 111 Mo. 237, 242, 20 S. W. 38; *O'Neill* v. *Board, etc.* (1879), 41 N. J. L. 161, 172; *Moravian Seminary* v. *Bethlehem Borough* (1893), 153 Pa. St. 583, 588, 26 Atl. 237; *Robertson* v. *Hartenbower* (1903), 120 Iowa 410, 94 N. W. 857. The act of 1875 (§3180 R. S. 1881, Acts 1875 [s. s.] p. 17) authorized an appeal affecting "the regularity of the proceedings of the commissioners and the questions as to the amount of benefits or damages assessed", and provided that "such appeals shall not prevent such city from proceeding with the proposed appropriation, nor from making the proposed change or improvement". The act also provided that "If upon such appeal, the report of the commissioners as

to the benefits or damages be greatly diminished or increased, the city may, upon payment of all costs, discontinue such proceedings." The act of 1905 (§8700 *et seq.* Burns 1914, Acts 1905 p. 219) makes provision for opening, changing or vacating streets by the board of public works, or city council, and provides for "remonstrances from persons interested in or affected by such proceeding." Also that "Such board shall consider such remonstrances, if any, and thereupon take final action, confirming, modifying or rescinding its original resolution, which action shall be final and conclusive on all persons." Notwithstanding the omission from the act of 1905, of the provision authorizing the city "to discontinue such proceedings" after the damages are assessed on appeal, if the benefits or damages are greatly diminished or increased, we do not think the statute of 1905 is sufficiently explicit to deny the city the benefit of the general rule which permits it to discontinue the proceedings at any time before final confirmation by the board or council, or before final judgment where an appeal has been taken. The legislature which enacted the statute in 1905, doubtless took cognizance of the general principle of law which gives a municipality the right to abandon the enterprise when in its judgment the damages assessed exceed the benefits which would accrue to the public by opening the street. The city having such right under the foregoing rule of law it was not necessary to say anything on the subject in enacting the statute. The rule prevails unless it is changed by statute. The city did not know until the return of the verdict, the amount of damages it would be required to pay, if it proceeded with the opening of the street.

This is a special statutory proceeding and the rule of the code in civil procedure does not apply. §338 Burns 1914, §333 R. S. 1881. The appeal was taken by the
3. filing of a complaint in pursuance of the statute. When the motion to dismiss was sustained, notwith-

standing the language employed, its only effect was
4.  to dismiss the appeal, which under the statute related
only to the assessment of damages and benefits.  In
the motion to dismiss, the city showed that it had not taken
possession of any part of the land to be appropriated for
street purposes, and it expressly offered to pay the accrued
costs.  This action of the city was in effect an abandonment
of the condemnation proceedings for it could not take the
land without paying the amount the circuit court should
finally adjudge due therefor.  Under the general rule the
city had the right to discontinue the proceedings to appro-
priate the land at any time before judgment was rendered
on the verdict.  The same rule gives to the property owner
a right of action for special damages, if any, sustained by
him on account of such proceedings.  By this rule the public
is protected, while the reverse of the rule would compel the
city to determine finally on the appropriation of the land
before it ascertained the amount of damages it would be
compelled to pay.  If the damages when ascertained exceed
the benefit to the public, the rule permits the city to dis-
continue the proceedings at any time before judgment on
the conditions above stated.  From this, it follows that the
court did not err in the rulings which are challenged by
the assignment of errors.  Judgment affirmed.

NOTE.—Reported in 109 N. E. 918.  As to evidence of damages in
eminent domain proceedings, see 22 Am. St. 49.  At what stage
may eminent domain proceedings be discontinued, see Ann. Cas.
1913 E 1062.  See, also, under (1) 28 Cyc. 1017, 1094; (2) 28 Cyc.
1011.