## Howard Realty Company v. Paducah & Illinois Railroad Company.

(Decided December 13, 1918.)

### Appeal from McCracken Circuit Court.

1. Eminent Domain—Condemnation of Land—Condition Precedent.— A condition precedent to the right to maintain a proceeding for

the condemnation of lands, for railroad purposes, under section 835 Ky. Stats., is, that, before instituting the proceeding, the railroad company, in good faith, attempted to acquire the lands from the owner, by contract.

2. Eminent Domain—Condemnation of Land.—Lands can be condemned for public use, only, and whether or not the use is a public one, is a question for the court.

3. Eminent Domain—Condemnation of Land.—Before lands can be condemned, for the purposes of a railroad company, it must be shown, that the use to which they are to be applied, is a public one, and that they are practically necessary to the railroad company for that purpose.

MOCQUOT & BERRY for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

This proceeding was instituted in the county court, by the appellee, Paducah & Illinois Railroad Company, against the appellant, Howard Realty Company, for the purpose of condemning two, certain, non-contiguous pieces of land, in the city of Paducah, the property of the realty company, for the purposes of the railroad company. Commissioners were appointed by the court, as provided by section 835, Ky. Statutes, to view the land, sought to be condemned, and to assess the damages, which the owner of the land would sustain, from its appropriation, by the railroad company, including the value of the land, and any damages, which might result to the adjacent lands of the appellant, as provided by section 836 Ky. Stats. The commissioners, in due time, reported, that the value of one of the pieces of land sought to be condemned, was the sum of $2,400.00, and the value of the other piece, was $500.00, and that the owner did not suffer any damages to any of his adjacent land, from the condemnation and appropriation of the two pieces.

The statement, filed by the appellee in the office of the clerk of the county court, giving a description of the land sought to be condemned, contained averments to the effect, that it was a railroad corporation, duly organized and existing under the laws of the state of Kentucky, and as such, was clothed with such powers as a corporation of that character had, under the laws of this state, and that it had filed, for record, in the office of the clerk of the county court, a map of the proposed

track of its road, through Paducah, and the side tracks necessary to its proper operation and the conduct of its business as a railroad, and that the two pieces of land, sought to be condemned, were necessary to the use of the railroad company, for the purpose of getting to its necessary depots and other structures, and that it had, in good faith, attempted to acquire the property, sought to be condemned, by purchase, from the owner, but, had been unable to do so.

The realty company filed exceptions, to, the report of the commissioners, setting forth its ground of objection, to the effect that the damages assessed, were inadequate; the condemnation of the lands, was not necessary; and that the appellee, before instituting its proceeding, had not made any effort, by contract, with the owner, to acquire the lands. The exceptions thus put in issue the necessity for the condemnation and appropriation of the lands, and, also the allegation that any, in good faith effort of the Railroad Company, had been made to acquire the land, by contract and purchase. A jury was called and its verdict, awarded the appellant, $2,351.00, for the value of the lands, and denied any damages to the adjacent lands of the Realty Company, which would result from the condemnation and appropriation. The Realty Company moved for a new trial, and filed grounds, as the basis of its motion, to the effect, that the damages allowed for the value of the lands, were inadequate, and because no damages had been allowed for the resulting injury to the adjacent lands, and, further, that the Railroad Company, was not authorized, by law, to condemn and appropriate the lands. The motion for a new trial, was denied, and a judgment rendered in accordance with the prayer of the statement and condemning the lands, for the uses and purposes of the Railroad Company.

From this judgment, the Realty Company appealed to the circuit court, and a trial, by jury, was had. At the conclusion of all the evidence offered by the Rail-Company, the appellant moved the court to dismiss the proceeding. Its motion, however, was overruled. The jury, by its verdict, awarded to appellant the sum of $2,400.00 in damages for the lands.

The appellant's motion for a new trial, was overruled, and a judgment rendered, sustaining the contentions of the Railroad Company.

From this judgment, the Realty Company has appeal-ed to this court, and seeks a reversal, upon three grounds:

(1)   No such necessity was shown, by the Railroad Company for the condemnation of the lands, as, by law, would authorize them to be condemned.

(2)   No effort, in good faith, or otherwise, was made by the Railroad Company to acquire the lands, by con-tract, before the institution of the proceeding.

(3)   The verdict of the jury, in the assessment of damages, was flagrantly, against the weight of the evi-dence.

(a)   Some evidence, and probably a sufficiency to justify the court, in holding that the condemnation of the lands was for a public use and the use, a practical necessity for the Railroad Company, but, it is not in-telligible to one, unacquainted with the locality and the places and objects mentioned, in the absence of a map, to enable the ascertainment of the relative positions of places and localities mentioned in the evidence. Of course, the lands of a private owner, can not be con-demned, except for a public use, although compensation is made. Con. sec. 13. Under the statute, section 835, Ky. Stats., the use of the lands must be a practical necessity. The authority to determine whether the appropriation is for a public use and the necessity of it, is vested in the courts. Tracy v. E. L. & B. S. R. R. Co., 80 Ky. 265; Chesapeake Stone Co. v. Moreland, 126 Ky. 656. A railroad is a *quasi* public corporation, and is subject to legislative control and supervision and if the lines of road, or depots, or other indispensable parts of a rail-road, to be constructed upon the lands sought to be con-demned, may be used by the public, and the public may require the corporation to permit the use of them, by them, and are not for exclusive use, the condemnation is for a public use. The necessity contemplated, for the use of the lands, is not an "absolute" necessity, but, it is a practical necessity. Vice v. Eden, 113 Ky. 255; L. & N. R. R. Co. v. Ward, 150 Ky. 42. The uses to which railroads put lands, which are practically necessary to the roads, for the construction and operation of their roads, are considered public uses, and in the exercise of the power of eminent domain, they may condemn such lands, as are practically necessary to them, for the construction of such lines of road, as they are author-ized, by law, to construct, and such appurtenances as may

be necessary, in the practical operation of the roads. 15 Cyc. 597, 588, 589, 590, and cases there cited.

(b) There was an entire absence of evidence, which tended to support the averment that the Railroad Company, before the institution of the proceeding had undertaken or made any effort to acquire the lands sought to be condemned, by contract, with the owner. The statute, under which the proceeding is sought to be condemned, is section 835, Ky. Stats., which is as follows: "When any company authorized to construct a railroad shall be unable to contract with the owner of any land or material necessary for its use for the purpose thereof, it shall file, in the office of the clerk of the county court, a particular description of the land and material sought to be condemned, and may apply to the county court, to appoint commissioners to assess the damages the owner or owners, thereof, may be entitled to receive, and thereupon, the court shall appoint three impartial housekeepers of the county, who are owners of land, and who shall be sworn to faithfully and impartially discharge their duties under the law."

It will be observed, that the fact of being unable to contract with the owner of the lands, is a condition precedent to the corporation's right to apply for, or maintain the proceeding to condemn the lands for its use. Hence, if the owner is capable of contracting, in order to support the right to maintain the proceeding for condemnation, it is necessary to show that an attempt, in good faith, has been made to secure the property, by contract, and that the owner refused to allow the use of it by the railroad company, upon such terms, as the parties could agree upon. In Portland & Greenwood Turnpike Co. v. Bobb, 88 Ky. 231, the court, having under consideration, a statute, similar to section 835, *supra,* held, that the proceeding to condemn the land, could not be maintained, unless it was shown, that the land was necessary for the use of the turnpike company, and that an effort, in good faith, had been made by the company, to acquire the land by contract, from the owners, before the institution of the proceeding, holding that they were both jurisdictional facts.

This view seems to be in accordance with the weight of authority. 10 R. C. L. 204; 15 Cyc. 575. Hence, the motion made to dismiss the proceeding, after the Railroad Company had offered all its evidence, should have

been treated as a motion for a directed verdict, and the cause remanded to the county court to set aside its judgment, and to dismiss the proceeding.

It is not necessary to consider the third ground for reversal. The judgment is reversed and cause remanded for proceedings consistent with this opinion.