## Postlethweighte, County Judge, et al. v. Towery.

(Decided March 19, 1935.)

EDWARD D. STONE and CHARLES FERGUSON for appellants.

BLUE & ELDRED and MARSHALL P. ELDRED for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The appellee, Aaron Towery, sued the members of the fiscal court of Crittenden county, the former county attorney, and the former county judge, and prayed judgment for $1,000, and that the defendants, as such fiscal court, be required to enter an order setting forth an agreement made by the plaintiff with the county attorney and the county judge to pay him that sum for a right of way for a state road, and to provide for its payment. General and special demurrers to the petition being overruled, a trial was had on the issues joined, including the plea by the defendants of lack of authority of the county judge or county attorney to bind the county. Judgment for the plaintiff was rendered as prayed.

The petition, as amended, after naming the parties and their official relations, alleges that the state highway commission had directed the construction of a highway from Marion to Providence, and "that the state highway commission had directed the county attorney, R. L. Moore, to take such steps as might be necessary to secure the right of way from plaintiff through his land. That acting under said order from the highway commission the defendant, R. L. Moore, who was then the acting county attorney, and L. E. Waddell, who was then the acting County Judge of Crittenden County, called upon the plaintiff, on the 18th day of October, 1933, and arranged and agreed with plaintiff that if he would convey the right of way to the state highway commission the right of way through his land he should be paid the sum of one thousand dollars in cash."

It is further alleged that pursuant to that agreement the plaintiff and his wife executed a deed to the right of way to the state highway commission as described and as called for by its plans. It was delivered to the county officers on October 18, 1933, and was put to record by the county attorney for and on behalf of

the highway commission, which took possession of the land and built the road without paying any part of the consideration therefor. That portion of section 4356t-7 of the Statutes copied below was set up in connection with the allegations of the refusal of the fiscal court to recognize the agreement. There were filed with and as a part of the petition copies of entries on the records of the fiscal court showing that on October 4, 1933, a motion offering Towery $600 for a right of way, and directing the county attorney to institute condemnation proceedings in case the offer was refused, was lost; that on November 14, 1933, a motion to approve the securing of the right of way was lost; and on February 23, 1934, an order was entered specifically rejecting the claim of Towery for $1,000 and ordering that it be not paid.

The evidence of the plaintiff stripped of details was substantially as the facts set forth in the petition, with the further proof that the county attorney had received a letter from the highway commission directing that he should proceed to obtain the right of way for the entire route of this road; that the deed was prepared in the office of the highway commission, but a provision for the construction of an underpass for stock was inserted by the county attorney; and that, after being delivered to the county attorney, the deed was immediately lodged by him for record in the office of the county court clerk. The defendants' evidence principally related to the matter of values, which seems to have been immaterial to the issues.

Section 4356t-7 of the Statutes provides that no part of the cost of a permanent right of way for roads shall be borne by the state and shall be paid for by the county, but the commission is empowered to institute condemnation proceedings in the name of the commonwealth to secure necessary rights of way, and the county attorney is made its legal representative. It is further provided:

"They shall have the power to agree with any landowner as to the value of the right of way and if the agreement reached is approved by the county attorney the fiscal court shall enter an order directing the payment of the amount agreed upon to the landowner, and a record of said agreement shall be spread upon the records of the county court."

Proceedings for rights of way are conducted in the manner prescribed by sections 835 to 840 of the Statutes, particularly relating to condemnation by railroad companies. Section 4356t-12 of the Statutes; Hart v. Commonwealth, 207 Ky. 343, 269 S. W. 300. Inability to agree with the owner of land desired is a condition precedent to condemnation. Howard Realty Co. v. Paducah & Illinois R. Co., 182 Ky. 494, 206 S. W. 774. It is, therefore, apparent that the provision in section 4356t-7, authorizing the highway commission to agree with the owner upon the value of his land to be taken, is not only to empower it to contract with him, but if they cannot come to an agreement, to enable it to meet this condition of the condemnation law. Inasmuch as the county must pay for the land and damages, the power to bind the county under the agreement is conditioned upon the approval of the county attorney. He looks after the interests of the county. The statute places upon him the additional duty of also representing the commission in condemnation proceedings if they should follow, so in the trial all concerned will have legal representation. But no authority is given the county attorney to bind his county to pay whatever he might agree with the owner he should receive. Adams' Heirs v. McCoy, 212 Ky. 731, 279 S. W. 1103. To construe the statute otherwise would be to nullify the express authority of the highway commission to make the contract and be in conflict with the uniform and well-founded interpretation of every other act relating to fiscal courts and other municipal bodies to the effect that they can function and contract only as such units and speak by their records, and that neither such bodies nor the municipalities are bound by any promise or commitment of the county attorney or other individual or group of persons.

In Holbrook v. Letcher County, 223 Ky. 597, 4 S. W. (2d) 382, it was alleged that the county attorney and the several members of the fiscal court had agreed with the landowner to pay him $500 and keep an old road open and connected with the new one, and that the money had been paid, but the other conditions had not been complied with. Suit for damages on that account was filed against the county. The petition was held fatally defective because the facts pleaded were not sufficient to bring the case within the terms of section 4356t-7, or to show that the agreement relied

upon had been reached in compliance with its provisions, an oral agreement with the county officers being claimed. The same may be said as to the case at bar, although there was a deed executed and delivered. Though the county attorney was directed by the commission to secure the right of way, and the form of deed containing a description of the land desired of Mr. Towery was sent him, it is not pleaded or shown that the commission made any agreement with the plaintiff as to the value of his land to be taken. The statute contemplates a written agreement filed in and spread upon the records of the county court where condemnation proceedings would otherwise have been instituted, so that there is in effect and purpose an agreed judgment, binding upon the fiscal court. That body could have bought the right of way without the approval of the county attorney [Lee County v. Hieronymus, 240 Ky. 490, 42 S. W. (2d) 730, 731], but it had rejected a proposition to offer Towery $600 before the verbal agreement of the county officers, and had consistently refused to ratify their attempted commitment.

For these reasons, the general demurrer to the petition, as amended, should have been sustained.

In view of possible further amendment, it should be said that the special demurrer ought also to have been sustained, for, since Crittenden county shall have to pay any compensation allowed for the land, it is a necessary party to the suit.

Judgment reversed.