J. F. SCHNEIDER & SON, Inc. v.
WATT et al.

Court of Appeals of Kentucky.
Oct. 17, 1952.

Rehearing Denied Dec. 19, 1952.

Robert J. Watson, Middlesboro, for appellant.

J. D. Buckman, Jr., Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., Logan Patterson, James Wilson, Pineville, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment dismissing the action when the appellant (plaintiff below) refused to plead further after a general demurrer had been sustained to its petition. The appellant had sought to recover damages from the individual members of the Kentucky National Park Commission (hereinafter called the Commission) because they allegedly exceeded their authority when they requested the Secretary of the Interior of the United States to institute condemnation proceedings against appellant's property in a federal court, and which action was dismissed after appellant allegedly had incurred expenses amounting to $5,981.10 in preparing its case for a trial which never eventuated, because the United States dismissed the action when the Commission failed to have funds available for the payment of an award.

The appellant's petition reveals that by appropriate legislation Congress had provided that when certain lands in Bell and Harlan Counties, Kentucky, Lee County, Virginia, and Claiborne County, Tennessee, as might be designated by the Secretary of the Interior, were acquired and title thereto vested in the United States, it would erect the Cumberland Gap National Historical Park provided "That the United States shall not purchase by appropriation of public moneys any lands within the aforesaid areas". 16 U.S.C.A. § 261 et seq. It is further alleged that the Secretary of the Interior so defined the boundary of the Park that it included appellant's property which contained 5.67 acres upon which is located its meat packing plant. The petition also alleges that on June 14, 1946, the Commission adopted an order formally asking the Secretary of the Interior to institute condemnation proceedings against appellant's land and assurance was given the Secretary that funds would be available for the payment of any award made, but that there were no funds available at the time of the request and that no appropriation later was made for the purpose by the General As-

sembly of Kentucky, and, as a consequence, the condemnation suit was dismissed upon motion of the United States.

The appellant contends that it is entitled to recover from the individual members of the Commission its expenses incurred in preparing its case for trial because: **(1)** The Commission did not have sufficient funds to pay for the property which had been valued at $300,000 to $600,000 at the time it requested the United States to institute condemnation proceedings; **(2)** the Commission was not authorized to transfer money for the purchase of lands for national parks; and **(3)** the suit was brought in the United States District Court, whereas Kentucky Statutes require that suits brought by the Commission be instituted in the county where the land lies. These contentions will be discussed in reverse order.

■ The powers and functions of the Kentucky National Park Commission are embraced within KRS 148.090 through 148.150. In regard to contention No. 3, KRS 148.120 duly requires that condemnation proceedings instituted by the Commission be brought in the county where the property lies. However, the Commission did not institute any suit against the appellant, nor was it a party to such a suit. The condemnation suit against the appellant was filed by the United States as authorized by Section 263 of Title 16 or Section 257 of Title 40 U.S.C.A. The legislative restriction concerning the choice of a forum imposed upon the Commission by our Statutes is not applicable to the selection of a forum by the United States.

At first blush, it would not seem necessary to discuss contention No. 2 since no money was in fact transferred, but it must be remembered that while the United States could institute such a condemnation suit, it could not "purchase by appropriation of public moneys" the appellant's property for Cumberland Gap National Historical Park. 16 U.S.C.A. § 261. However, KRS 148.110 in part provides that "the commission shall acquire land, caves, cave rights, lease hold interests, money and other property for public park purposes and · * * * convey them to the United States for the establishment

of national parks. The commission may do such other acts necessary to promote and accomplish its purpose. The acts of the commission shall be the acts of the state." The statute speaks for itself and specifically confers upon the Commission authority to "convey" or transfer money for the purposes authorized.

The appellant's most serious contention presents the question of whether the Commission must be certain that it has enough money on hand to pay any possible award before it dares institute a condemnation proceeding or request that one be instituted. The appellant relies upon KRS 148.120(1) which provides in part:

"No condemnation proceedings shall impose on the *state* any liability for which provision has not previously been made." (Our emphasis.)

■■ This statute merely declares when the State will be liable, and not when the Commission may institute such actions. While "The acts of the commission shall be the acts of the state", KRS 148.110, that same section provides that "It (the Commission) may fully cooperate with the United States and do all necessary acts to provide for * * * national parks under such terms as are provided by any relative Act of Congress." When the Commission requested the Secretary of the Interior to condemn the land of the appellant for national park purposes, it was not acting in excess of its powers. The fact that money was not then available to defray the expense concerns the relationship between the Department of Interior and the Commission and not the appellant, for the common law imposes no liability on a condemnor when condemnation proceedings are abandoned before the landowner's right to compensation is vested, and under such circumstances the landowner is not, as a general rule, entitled to recover any damages. 30 C.J.S., Eminent Domain, § 339; Ex parte Savannah River Electric Co., 169 S.C. 198, 168 S.E. 554; Haig v. Wateree Power Co., 119 S.C. 319, 330, 112 S.E. 55. In Potter v. Wallace, 185 Ky. 528, 215 S.W. 538, 543, this court said:

"If the proceeding is dismissed before a judgment, confirming the report

of the assessment of damages, is made, the landowner has suffered no injury. He has the land the same as before the institution of the proceedings. It has been expressly held by this court that a corporation may abandon its purpose of taking property, which it has already had condemned, without incurring any liability for the damages awarded."

The Commission did not file the condemnation proceedings in the case at bar, so KRS. 148.120(3) could not possibly be applicable, but if we concede arguendo that it is applicable it, nevertheless, would not afford the appellant the relief it prays because the statute grants relief only after an award and judgment and after the condemnor refuses to take the property at. the price fixed in the judgment. Neither of these conditions is fulfilled here.

Having found that the appellees acted within the scope of their authority, we conclude that they also come within the general rule of law which absolves administrative agents of government of civil liability for their official acts. 72 C.J.S., Public Administrative Bodies and Procedure, § 15 (a), p. 310.

The judgment is affirmed.