**The KROGER COMPANY, Appellant,**

v.

**LOUISVILLE & JEFFERSON COUNTY AIR BOARD et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 5, 1957.

Rehearing Denied Jan. 24, 1958.

condemnation proceedings as to The Kroger Company (hereinafter referred to as "Kroger"), a defendant below. Kroger seeks to recover damages as a result, not of the taking, but of the refusal of the condemner to take, the property involved in this appeal.

On May 26, 1954, appellee, Louisville & Jefferson County Air Board (hereinafter referred to as "Air Board"), instituted an action against the Louisville & Nashville Railroad Company (hereinafter referred to as "L. & N.") and also against Kroger wherein it sought to condemn approximately 150.25 acres of land adjacent to Standiford Field in Louisville for airport purposes. Most of this property, described as one parcel in the complaint, was owned by L. & N., but about 5.5 acres within the boundary belonged to Kroger. Certain banks were made parties defendant as having some interest in the title held by L. & N.

The Air Board brought the action under the authority granted by KRS 183.180 and followed the procedure set out in KRS 416.120(1). Under this latter subsection the suit was required to be filed in circuit court. Pursuant to KRS 183.123 the Department of Aeronautics of the Commonwealth of Kentucky joined in the complaint for the alleged purpose of lending its assistance and approval to the acquisition of the property.

After the institution of this action, certain motions were made by Kroger and L. & N., and these were disposed of adversely to them on March 21, 1955. Then after an amended complaint was filed by the Air Board answers were filed by Kroger on April 27, 1955, and by L. & N. on May 19, 1955. The case was thereupon set for trial in June of that year.

From the beginning L. & N. vigorously opposed the appropriation of its land against which these proceedings had been entered. Several conferences were held between its officials and the city authorities with the view in mind of settling their dif-

Henry E. McElwain, Jr., McElwain, Dinning, Clarke & Winstead, Louisville, for appellant.

James W. Stites, T. Kennedy Helm, Jr., Louisville, for appellees.

STEWART, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court which dismissed

ferences; and just a few days before the trial date of this action an understanding was arrived at between L. & N. and the Air Board by the terms of which L. & N. agreed to execute a lease to the Air Board in lieu of the proposed taking of the land by condemnation proceedings.

After deciding the acreage leased from L. & N. would meet the needs of the airport, the Air Board moved on June 23, 1955, to dismiss the complaint as to all defendants. Kroger objected to this motion and tendered an amended answer and counterclaim. This pleading in substance alleged that Kroger bought the tract of land in dispute in order to build and reproduce thereon similar buildings and facilities held by it elsewhere under lease. Kroger maintained it began formulating extensive plans for the placing of improvements on the tract as soon as it became evident this property could be acquired. It claimed, upon the commencement of the suit, that these plans had already been developed to the point where the property had been graded, engineering work had been completed, many materials had already been purchased and the actual construction was ready to be commenced. It averred it was compelled to abandon the contemplated improvement of this tract by reason of the instant action.

In the counterclaim it offered to file, Kroger averred it sustained damages from the abortive condemnation proceedings of $80,000 in addition to the value of the land involved. Kroger's deed to the 5.5 acres was recorded on May 13, 1954, which was thirteen days before the Air Board filed its complaint. A *lis pendens* was lodged in the Jefferson county court clerk's office by the Air Board against the Kroger property on May 26, 1954, and remained against it until May 14, 1956.

The trial judge refused to allow Kroger's amended complaint and counterclaim to be filed and on November 23, 1955, dismissed the complaint at the condemner's costs without prejudice as to its filing any subsequent proceedings. This action of the lower court was tantamount to a rejection of Kroger's claim for damages. This appeal is from the order of dismissal.

The narrow issue in this appeal is whether the Air Board can dismiss this action as to Kroger without incurring liability for the damages alleged to have been suffered by it. Since we consider this issue to be conclusive of the case, any other claims raised in the briefs will be limited in our discussion according to their connection with this main issue.

In support of its contention that the lower court should have allowed incidental damages which it supposedly sustained as a result of the filing and subsequent dismissal of this action, Kroger relies upon Sections 13 and 242 of the Constitution of Kentucky, and upon cases outside this jurisdiction which were decided in favor of the property owner where the facts were somewhat analogous to those indicated here. See Isley v. City of Attica, 59 Ind.App. 694, 109 N.E. 918; Nifong v. Texas Empire Pipe Line Co., 225 Mo.App. 1134, 40 S.W.2d 522; Gear v. Dubuque & Sioux City R. Co., 20 Iowa 523, 89 Am.Dec. 550; Van Valkenburgh v. City of Milwaukee, 43 Wis. 574; and Graff v. Mayor, etc., of Baltimore, 10 Md. 544. Kroger insists the damages visited upon it amounted to a taking within the purview of the above two constitutional sections.

However, the majority view is that, in the absence of bad faith or unreasonable delay upon the part of one instituting condemnation proceedings, the owner is not constitutionally entitled to recover damages by reason of the commencement and prosecution of such proceedings when they are thereafter abandoned. See 18 Am.Jur., Eminent Domain, Section 371, page 1013; 30 C.J.S. Eminent Domain § 339, page 15; 121 A.L.R. 12 et seq. and 31 A.L.R. 352 et seq.

Nichols in Volume 6 of his work on Eminent Domain, 3d Ed., Section 26.45, page 199, has this to say on this point:

"* * * The inception of condemnation proceedings does not impose any legal restrictions on the land; the owner can sell it, and he is entitled to compensation for buildings or crops started with knowledge of the situation. The uncertainty caused by the probability that the proceedings will be carried through and the proposed work constructed over his land differs in degree only from that shared by owners of all property, which may at any time be taken by eminent domain whenever it may chance to lie in the path of a public improvement, and the decrease in income or other loss he may suffer from such uncertainty is held to be *dammum absque injuria* * * *"

Not only are the principles of law we have recited wholly applicable to the facts of this case but Kroger must recognize that the instant action is governed by the procedure embraced in KRS 416.120(1). This subsection provides, so far as pertinent here, that after a judgment is entered in condemnation proceedings, if payment is not made of the award and costs within sixty days, the condemnation shall be deemed and treated as abandoned, and the verdict and judgment set aside, and the proceedings dismissed at the cost of the condemner, but without prejudice as to any subsequent proceedings.

The prime question posed in this appeal is not an open one in Kentucky. An early case on the issue under discussion is that of Manion v. Louisville, St. L. & T. Ry. Co., 90 Ky. 491, 14 S.W. 532. There condemnation proceedings were instituted under a statute similar to KRS 416.120(1) in that it provided for passage of title only upon payment of the award. The action was abandoned after the commissioners had assessed damages incident to the proposed taking and a jury verdict, together with the entry of a judgment thereon, had confirmed the award. This Court held in that case the statute in question did nothing more than fix the price at which the party condemning could take the property, and

that even after judgment the proceedings could be abandoned without incurring any liability to pay the damages awarded.

The doctrine set forth above in the Manion case was followed by such cases as Cornwall v. Louisville & N. R. Co., 104 Ky. 29, 46 S.W. 685; Potter v. Wallace, 185 Ky. 528, 215 S.W. 538; J. F. Schneider & Son, Inc., v. Watt, Ky., 252 S.W.2d 898.

In view of the established rule long adhered to in this jurisdiction of disallowing damages in a case like the one now before us we conclude Kroger's claim in this action was properly disallowed.

There remain for consideration two other arguments advanced by Kroger. One of the chief collateral contentions is that the action was begun "untimely"; the other is that the proceedings filed against it were unnecessary because the dismissal of the action indicated its land was not needed by the Air Board.

As to the first ground, Kroger complains because no effort was made to negotiate with it for the acquisition of the 5.5 acres before the action was filed. It is true this step was not taken, but it so happens under the circumstances that the Air Board was under no compulsion to attempt an out-of-court settlement with Kroger before it instituted its proceedings. This Court has held in some instances that the condemner must show it was unable to contract with the landowner for the purchase of the property as a condition precedent to the filing of a condemnation action. See Postlethweighte v. Towery, 258 Ky. 468, 80 S.W.2d 541; Howard Realty Co. v. Paducah & I. R. Co., 182 Ky. 494, 206 S.W. 774; and Portland & G. Turnpike Co. v. Bobb, 88 Ky. 226, 10 S.W. 794, 10 Ky.Law Rep. 796. Nevertheless, this rule applies only to those cases bottomed upon a statute which expressly requires an effort to secure the property amicably prior to the commencement of condemnation proceedings. No such necessity appears in the statutes applicable to the situation here.

See KRS 183.170, 183.180 and 416.120. Nor are we authorized to imply one. See Peery v. Hill, 275 Ky. 105, 120 S.W.2d 762; 6 Nichols on Eminent Domain, 3d Ed., Section 24.62, page 51.

The next assertion of Kroger challenges the good faith of the Air Board in the prosecution of the instant proceedings against it. Kroger insists that the proposed appropriation of its tract was at no time needed for airport improvement, since the action to condemn the tract was subsequently dismissed; consequently, it reasons that the litigation directed against it was unnecessary and vexatious and the suit should never have been brought.

 It is fundamental that a condemning authority may determine without let or hindrance the amount of land necessary for a public purpose. See Davidson v. Commonwealth, 249 Ky. 568, 61 S.W.2d 34; Baxter v. City of Louisville, 224 Ky. 604, 6 S.W.2d 1074; Henderson v. City of Lexington, 132 Ky. 390, 111 S.W. 318, 22 L.R.A.,N.S., 20. The general rule is well stated in 18 Am.Jur., Eminent Domain, Section 109, page 736, in this language: "The grantee of the power of eminent domain may ordinarily exercise a large discretion not only in respect of the particular property, but also as to the amount of land to be taken for the public purpose. This discretion is not reviewable by the courts, unless, possibly, where there has been a gross abuse or manifest fraud."

The record in this case shows that the Air Board, in carrying out its requirement to maintain an airport for "transportation by air of passengers, property, express and mail, and to provide one or more airports and facilities for the use of the Federal Government", which responsibility is imposed upon it by KRS 183.150, acted prudently and conscientiously.

Aside from all this, there is a presumption that every public officer acts in good faith in the performance of the duties intrusted to him by law; and, while Kroger implies that the action was improperly brought by the Air Board, there is nothing in the record to indicate that the latter did not exercise good intentions throughout in its prosecution of the action. See Jefferson County v. Clausen, 297 Ky. 414, 180 S.W.2d 297.

Wherefore, the judgment is affirmed.