UPPER THIRD STREET DEVELOPMENT CORPORATION, Respondent, v. CITY OF MILWAUKEE, Appellant.

*November 5—December 1, 1959.*

For the appellant there were briefs by *Walter J. Mattison,* city attorney, and *Ewald L. Moerke, Jr.,* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Moerke* and *Mr. Odenbrett.*

For the respondent there was a brief by *Charne & Kops* of Milwaukee, and oral argument by *Floyd J. Kops.*

CURRIE, J. The plaintiff contends that its complaint states a good cause of action under the rule laid down in *Feiten v. Milwaukee* (1879), 47 Wis. 494, 2 N. W. 1149. Such rule is that, in order for a landowner to recover in a cause of action against a municipality for abandonment of a condemnation proceeding, such abandonment must both be "wrongful and injurious." It is conceded that the instant complaint does sufficiently allege that the plaintiff did sustain damages as a result of the abandonment of the proceeding. Therefore, the only issue on this appeal is whether such abandonment was "wrongful" in the sense such word was used in the *Feiten Case.*

It is the position of the plaintiff that, if the city violated an express provision of the Kline Law in abandoning the condemnation proceeding as to the plaintiff's property, then such abandonment was wrongful *per se* and the complaint is not demurrable. The portion of the Kline Law which the plaintiff claims was violated by the city is sec. 9 (8) of ch. 275, Laws of 1931, which reads as follows:

"ABANDONMENT. Instead of confirming the aforesaid assessment the common council may by resolution determine and declare that the cost of the property proposed to be taken is unreasonably great, or so large as to be burdensome and injurious to the owners of the property assessed for benefits thereto, or that it is inexpedient to take the property proposed to be taken for the public use, and direct that all proceedings for the taking of such property be abandoned, and thereafter the property proposed to be taken in such

condemnation proceedings shall remain private property the same as if no condemnation proceedings had been instituted for the purpose of taking the same for public use, but no such abandonment of any such proceedings shall in any way hinder or prevent other and subsequent proceedings by the city to take the same property or any part thereof for the same or any other public use for which it may be taken by law."

The fact that three independent projects, which were separated some distance from each other, were included in one condemnation proceeding did not prevent the common council from abandoning one of the same pursuant to the afore-quoted section and confirming the assessment of damages as to the lands embraced in the remaining two. However, the council's resolution of June 24, 1958, which abandoned the proceeding as to the proposed parking lot embracing the plaintiff's property by deleting the same from the proceeding, failed to *"declare"* which of the authorized statutory reasons motivated such abandonment, viz., the great cost of the property or inexpediency to take the same. Thus such failure of the resolution to state the reason for the abandonment constituted a technical violation of sec. 9 (8) of the Kline Law. However, we are satisfied that the resolution was effective to abandon the condemnation proceeding as to the project deleted which will necessitate the city's initiating an entirely new proceeding, if it should ever in the future seek to acquire by eminent domain the plaintiff's property for use as an offstreet parking lot.

Even though there was such failure by the city to fully comply with the statute in its abandonment of the proceeding as to the plaintiff's property, such action was not "wrongful" in the sense such word was used in *Feiten v. Milwaukee, supra.* That this is true is readily apparent from the following extract from the opinion in that case by Mr. Justice LYON (p. 498) :

"If an ordinary action of ejectment is brought in good faith and finally discontinued, the defendant cannot maintain an action for damages against the plaintiff, although the latter had unreasonably delayed to prosecute the ejectment suit, and thus had menaced the title of the defendant longer than was necessary. No good reason is perceived why the same rule is not applicable here [an action for wrongful discontinuance of a condemnation proceeding]. Such an assault upon the title of another, to be actionable, *must be made maliciously and without probable cause. . . .* In the absence of positive statute, it cannot be correctly said that mere delay in the prosecution of a suit or proceeding is unlawful." (Emphasis supplied.)

The majority rule in the United States is that, in the absence of bad faith or unreasonable delay upon the part of the condemning authority which instituted the condemnation proceeding, a landowner is not entitled to recover damages for the abandonment of the proceeding. 6 Nichols, Eminent Domain (3d ed.), p. 199, sec. 26.45; 18 Am. Jur., Eminent Domain, p. 1014, sec. 371; 30 C. J. S., Eminent Domain, p. 15, sec. 339; Annos. 121 A. L. R. 12, 97, 98, and 31 A. L. R. 352, 364, 365. Decisions by courts of other jurisdictions in accord with such majority rule are *Gibson Properties Co. v. Oakland* (Cal. App. 1938), 77 Pac. (2d) 873; affirmed, 12 Cal. (2d) 291, 83 Pac. (2d) 942; *Kroger Co. v. Louisville and Jefferson County* (Ky. 1957), 308 S. W. (2d) 435; *Lord Calvert Theatre v. Baltimore* (1956), 208 Md. 606, 119 Atl. (2d) 415; and *Hamer v. State Highway Comm.* (Mo. 1957), 304 S. W. (2d) 869.

Such majority rule differs from the rule announced in the *Feiten Case* in that an unreasonable delay as well as bad faith may afford ground for a cause of action for wrongful abandonment. In *A. Gettelman Brewing Co. v. Milwaukee* (1944), 245 Wis. 9, 13 N. W. (2d) 541, this court had before it the matter of unreasonable delay in the prosecution

of a condemnation proceeding. Instead of flatly deciding on the authority of *Feiten v. Milwaukee, supra,* that such delay would not support a tort action for damages, this court in the *A. Gettelman Brewing Co. Case* left the matter undecided. The justice of the majority rule commends itself to this court and we now adopt it. This makes it necessary that we overrule *Feiten v. Milwaukee, supra,* in so far as that case holds that a cause of action for unlawful abandonment of a condemnation proceeding cannot be grounded upon unreasonable delay.

Inasmuch as the instant complaint fails to allege that the defendant city was guilty of any malice or lack of good faith in instituting, prosecuting, or abandoning the condemnation proceeding as to the plaintiff's property, or that there was any unreasonable delay in prosecuting such proceeding, such complaint is fatally defective.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order sustaining the demurrer to the complaint.